opinion that the plaintiff can not recover upon it, because not being a party thereto it was not binding on him; there was no reciprocal obligation on his part. Incurring no obligation himself, there existed no commutative contract between him and the party for whom the defendant is security. Revised Code 1765, 1766, 1768, 1770, 1797.

Judgment affirmed.

---

No. 4561.

F. CRILLY v. SHERIFF and als.

The property exempted from seizure and sale by section 1691, Revised Statutes of 1870, is predial and not urban.

The general rule is, that the property of the debtor is the common pledge of his creditors. Exemption laws create exceptions to this general rule which are not to be extended beyond the express terms of the lawgiver.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey*, J. *Kilbourn & McVea*, for defendants and appellees. *Wedge & Cross*, for plaintiff and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J. This is an injunction suit to prevent the sale of a house and lots in the city of Jackson, Louisiana, under an order of seizure and sale, on the grounds that the property is not worth more than two thousand dollars; that it is his homestead, and that he has a child dependent on him.

The evidence shows that the property seized is worth more than two thousand dollars.

There was judgment in favor of the defendants, dissolving the injunction. Section 1691 of the Revised Statutes of 1870, provides that "in addition to the property and effects now exempted from seizure and sale under execution, one hundred and sixty acres of ground, and the buildings and improvements thereon, occupied as a residence, and *bona fide* owned by the debtor, having a family, or mother, or father, or person or persons dependent on him for support; also, one work horse, one wagon or cart, one yoke of oxen, two cows and calves, twenty-five head of hogs, or one thousand pounds of bacon, or equivalent in pork, and, if a farmer, the necessary quantity of corn or fodder for the current year; provided that the property herein declared to be exempt from seizure and sale does not exceed in value two thousand dollars," etc. And the plaintiff in injunction relies upon this provision of the law to justify his action.

We think the property exempted from seizure and sale in the foregoing law is predial, and not urban property. It exempts one hundred and sixty acres of land, and the improvements and buildings

thereon, and such other property as is usually attached to a farm to contribute to the support of the farmer and his family.

The general rule is that the property of the debtor is the common pledge of his creditors; exemption laws create exceptions to the general rule, and they are not to be extended beyond the express terms of the law.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.

---

### No. 4580.

### J. V. SEVIER and als v. GEORGE SARGENT and als.

Where some of the appellants have not given bond and perfected the appeal, and some have, it is no ground for a motion to dismiss the appeal because of the want of proper parties; and where the bond is in favor of the clerk and the order of appeal was granted in open court, all parties not appellants are appellees.

Where the heirs were put in possession of the property of their ancestor, if the partition between them be defective as a judicial partition, it is certainly valid as a conventional one, all being of age and signing the act.

By the express terms of article 1671 of the Revised Code, the heirs can at any time take the seizin from the testamentary executor on offering him a sum sufficient to pay the movable legacies, and on complying with the requirements of article 1012.

Where the heirs went into possession and partitioned the property, the succession was wound up, because it ceased to exist. A creditor of the deceased became the creditor of his heirs, each being bound to him for his share of their ancestor's debt. If some of the heirs are not solvent, and the creditor may lose part of his claim, the fault is attributable to himself; he might have required security from the heirs before they obtained actual delivery of the inherited property.

Whether the executor be discharged or not, the remedy of a creditor is not against him, but against the heirs who have been put in possession of the property of which they have become the owners and who are bound to pay the debts of the deceased, each his virile share.

APPEAL from the Parish Court, parish of Tensas. *Cordill*, J. *Farrar & Rieves*, for plaintiffs and appellees. *Drake, Garrett & Spencer*, for defendants and appellants.

Justices concurring: Ludeling, Taliaferro, Wyly, Morgan.

WYLY, J. The motion to dismiss this appeal for want of proper parties, is denied; because if all of the appellants have not given bond and perfected the appeal, some have; and as the bond is in favor of the clerk and the order of appeal was granted in open court, all parties not appellants are appellees.

The plaintiff, a creditor of the deceased, sues to set aside the order putting the heirs in possession of the property belonging to the succession of J. G. Gordon and homologating the partition thereof. He also sues to annul the judgment homologating the final account of the dative executor and canceling his bond. He charges fraud and collusion between the executor and the heirs. He alleges that the judgment homologating the account and discharging the executor is.